# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| SHEILA STANLEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    Case No. 13-2741 |
| MET LIFE GROUP, INC. d/b/a | ) |
| MET LIFE INSURANCE COMPANY, | ) |
| | ) |
|    Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Metropolitan Life Insurance Company ("MetLife") hereby gives notice of the removal of this action from the Chancery Court for Shelby County, Tennessee, where it is now pending, to the United States District Court for the Western District of Tennessee.  As grounds for this removal, MetLife states as follows:

1. Plaintiff Sheila Stanley ("Ms. Stanley" or "Plaintiff") commenced this action against MetLife on August 23, 2013 by filing a Complaint with the Chancery Court for Shelby County, Tennessee, Case No. CH-13-1268-3.

2. A true and correct copy of the Shelby County Chancery Court file, which contains copies of the Summons and Complaint, is attached hereto as composite **Exhibit A**.  There has been no other process, pleadings or orders served to date other than those contained in Exhibit A.

3. Plaintiff is an adult resident of Tennessee.  Complaint, ¶ 1.

4. Defendant MetLife is, and was at the time this action was commenced, a corporation organized and existing pursuant to the laws of New York with its principal office at 1095 Avenue of the Americas, New York, New York.

5. The summons and complaint were served on MetLife, by and through its registered agent, on August 26, 2013. Because this Notice of Removal has been filed within thirty (30) days after the service of summons on Defendant, this removal is timely under 28 U.S.C. § 1446(b).

6. This action is of a civil nature wherein Plaintiff seeks certain life insurance benefits that she alleges are due to her under the terms of an employee welfare benefit plan. *See generally*, Complaint. Charles E. Williams ("Mr. Williams") was a plan participant in the group employee welfare benefit plan, Group Policy Nos. 15500 and 0122456, sponsored by General Motors ("Plan"). A true and correct copy of the Certificate of the Plan is attached hereto as **Exhibit B**. The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

7. At all times pertinent to the Complaint, MetLife has served as the claim administrator for the Plan. MetLife administers benefits under the Plan; therefore, MetLife is a fiduciary as defined by 29 U.S.C. § 1002(21)(A). *See also Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 700 (6th Cir. 2005).

8. Mr. Williams submitted a Beneficiary Designation form dated April 5, 2008 naming Ms. Stanley, his niece, as the 100% primary beneficiary. (2008 Designation Form, Exhibit A to Complaint). Upon information and belief, Mr. Williams passed away in June 2012. Ms. Stanley submitted a Claimant's Statement seeking benefits under the Plan. (Ms. Stanley's Claimant Statement, **Exhibit C**). Therefore, Ms. Stanley has a colorable claim to benefits under the ERISA Plan at issue, and, therefore, standing under ERISA.[1] *See e.g. Crawford v. Roane*, 53

---

[1] A later beneficiary designation form was also submitted, as well as adverse claims for benefits by Mr. Williams' children and his spouse or ex-spouse, Sabrina Williams. However, in the interest of judicial efficiency, and because this Notice of Removal is not dependent on such facts, MetLife will refrain from setting them forth in full herein. In any event, the statements of fact in this Notice are not intended as admissions and, by filing this Notice of Removal,

F.3d 750, 755 (6th Cir. 1995) ("Therefore, in this Circuit, one is a 'beneficiary' with ERISA standing if he has a reasonable or colorable claim to benefits under an ERISA plan.").

9. In the Complaint, Plaintiff asserts a claim for bad faith under Tenn. Code Ann. § 56-7-105, for the alleged failure of MetLife to provide benefits under the Plan. However, Plaintiff's bad faith claim is completely preempted by Section 502(a)(1)(B) of ERISA and this Court has subject-matter jurisdiction over this Case.

10. Generally, whether a Plaintiff has pled a federal question under 28 U.S.C. § 1331, "turns on the well-pleaded complaint rule[,] *i.e.,* whether a federal question necessarily appears in the plaintiff's statement of his own claim[.]" *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 612-614 (6th Cir. 2013) (citing *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004)) (internal quotation marks omitted). However, "there is an exception to the well-pleaded complaint rule: 'when a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed.'" *Id*. (citing *Davila,* 542 U.S. at 207).

11. Section 1132(a)(1)(B) provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" *Id*. "[W]hen a state-law claim by its nature 'falls within the scope of' ERISA § 1132(a)(1)(B) two consequences follow: first, the claim is deemed to be a federal claim (albeit an invalid one) for purposes of federal-question jurisdiction and thus removal; and second, the claim is preempted.'" *Id.* (internal citations omitted).

12. Sixth Circuit Courts hold that "[a] claim is within the scope of § 1132(a)(1)(B) for that purpose if two requirements are met: (1) the plaintiff complains about the denial of benefits

---

MetLife does not waive any claims, counter-claims, third-party claims, objections, defenses, affirmative defenses, and arguments.

to which he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan'; and (2) the plaintiff does not allege the violation of any 'legal duty (state or federal) independent of ERISA or the plan terms.'" *Gardner*, 715 F.3d at 612-614 (citing *Davila,* 542 U.S. at 210).

13.     In this case, Ms. Stanley complains about MetLife's failure to pay benefits that, if she is successful, she could *only* be entitled to because of the terms of the Plan.  From the face of the Complaint, Plaintiff's bad faith claim is based solely on the allegation that she was not provided benefits under the Plan.  Second, Ms. Stanley has not alleged any "legal duty" independent of ERISA or the terms of the Plan.  In fact, MetLife's only relationship with Ms. Stanley is the fact that it is the claim administrator of the Plan and any obligations owed by MetLife arise only from the Plan.  Therefore, ERISA wholly displaces Ms. Stanley's state-law bad faith cause of action, which is deemed to be a federal claim.  As a civil action founded on a claim or right under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), (b) and (c) and this Court has subject-matter jurisdiction.

14.     Moreover, Plaintiff's bad faith claim is also preempted by ERISA.  *See Gardner*, 715 F.3d at 612-614.  Sixth Circuit Courts, citing the U.S. Supreme Court, consistently hold that bad faith claims "undoubtedly meet the criteria for pre-emption under ERISA."  *See Massachusetts Cas. Ins. Co. v. Reynolds*, 113 F.3d 1450, 1454 (6th Cir. 1997) (citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48 (1987)) (internal quotation marks omitted); *Lynde v. Blue Cross and Blue Shield Mut. of Ohio*, No. 93-4267, 1995 WL 242003, *5-6 (6th Cir. April 25, 1995).  Therefore, Plaintiff cannot sustain her bad faith claim against MetLife.

15.     Additionally, this Court has supplemental jurisdiction of any claim not encompassed by ERISA, because such claim, if any, is so related to a claim under ERISA that it forms part of the same case or controversy.

16.     Pursuant to 28 U.S.C. § 1446(d), MetLife is filing written notice of the removal of this action, together with a copy of this Notice of Removal, with the Clerk of the Court in the Chancery Court for Shelby County, Tennessee, and serving a copy on all counsel.

WHEREFORE, MetLife respectfully submits, based upon the allegations set forth in this Notice of Removal, that this action is properly removed and requests that this Court retain jurisdiction over this action.

Respectfully submitted,

/s/*Leigh Anne Hodge*
Leigh Anne Hodge (BPR 28639)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8000 (Tel)
(205) 521-8800 (Fax)
lhodge@babc.com

ATTORNEY FOR DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2013, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, on:

Michael R. Flynn
THE HF LAW GROUP
3257 West Sarazen Circle
Memphis, Tennessee 38125

ATTORNEY FOR PLAINTIFF

/s/ *Leigh Anne Hodge*
ATTORNEY FOR DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY