IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHEILA STANLEY,          )<br>                             )<br>    Plaintiff,           )<br>                             )<br>v.                           )<br>                             )<br>MET LIFE GROUP, INC. d/b/a   )<br>MET LIFE INSURANCE COMPANY,  )<br>                             )<br>    Defendant.          )  | Case No. 2:13-cv-02741-STA-cgc |

### DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, moves to dismiss Plaintiff Sheila Stanley's ("Plaintiff" or "Ms. Stanley") sole bad faith claim brought under Tennessee Code Annotated § 56-7-105, which is preempted by ERISA. In support of its motion, MetLife states as follows:

### I.     INTRODUCTION AND FACTS

As grounds for Plaintiff's T.C.A. § 56-7-105 bad faith claim, Plaintiff avers that certain life insurance benefits were payable to her, and MetLife failed to pay the benefits in bad faith. More specifically, Plaintiff's bad faith claim arises from a group employee welfare benefit plan, Group Policy Nos. 15500 and 0122456, sponsored by General Motors ("Plan") that is governed by ERISA. (Complaint, Doc. 1-1, ¶ 4; *see* Plan, Doc. 1-2).[1]  Charles E. Williams ("Mr.

---

[1] It is proper for this Court to consider the Plan itself when deciding MetLife's Motion to Dismiss because the Plan is central to the allegations in the Complaint and is incorporated by reference in the Complaint. (Complaint, ¶ 4); *see Katt v. Titan Acquisitions, Ltd.*, 133 F. Supp. 2d 632, 637 (M.D. Tenn. 2000) (citing *Teagardener v. Republic-Franklin Inc. Pension Plan,* 909 F.2d 947, 949 (6th Cir. 1990)), *cert. denied,* 498 U.S. 1027, 111 S.Ct. 678, 112 L.Ed.2d 670 (1991) (holding that the district court on 12(b)(6) motion properly considered contract documents where contract and the "arguable meanings of its terms, were central to the plaintiffs' complaint"); *Katt,*

Williams"), uncle of Plaintiff, was a plan participant. (Complaint, Doc. 1-1, ¶ 4). MetLife is the claim administrator and administers benefits under the Plan. (Complaint, Doc. 1-1, ¶ 7-8; 11; Exhibit A to Complaint; Plan, Doc. 1-2).

In April 2008, a Beneficiary Designation form was submitted for Mr. Williams that named Plaintiff as the 100% primary beneficiary. (2008 Designation Form, Exhibit A to Complaint, Doc. 1-1, p. 5). Upon information and belief, Mr. Williams passed away in June 2012. (Complaint, Doc. 1-1, ¶ 6). Plaintiff submitted a Claimant's Affidavit to MetLife seeking life insurance benefits. (Complaint, Doc. 1-1, ¶ 7). Plaintiff claims that she is entitled to benefits under the Plan, and MetLife failed to pay the benefits in bad faith. (*See generally*, Complaint, Doc. 1-1).

The only manner in which Plaintiff would be entitled to relief from MetLife is by virtue of the terms of the Plan. Plaintiff does not allege that MetLife has any other connection or relationship with Plaintiff besides the Plan. Therefore, Plaintiff has failed to identify any independent legal duty owed to Plaintiff outside of the Plan. As such, and as stated in more detail below, Plaintiff's state law bad faith claim relates to the Plan, is preempted by ERISA, and is due to be dismissed.

## II.   LEGAL STANDARD

A motion to dismiss is proper, pursuant to Federal Rule of Civil Procedure 12(b)(6), when the Plaintiff fails to state a claim upon which relief can be granted. A Plaintiff "must plead well enough so that his complaint is more than 'a formulaic recitation of a cause of action's elements.'" *Espey v. Spectrum Health Sys., Inc.,* No. 1:09-0090, 2010 WL 3341938, *2 (M.D.

---

133 F. Supp. 2d at 637 (citing *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir. 1991)) ("In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated into the complaint by reference. Of course, it may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201.").

Tenn. July 12, 2010) (internal citations omitted). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *Id*. (quoting *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007)).  In this case, the Plaintiff is not entitled to relief on her bad faith claim because it is preempted by ERISA.

"ERISA's express preemption provision preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' governed by ERISA." *Munsey v. Tactical Armor Products, Inc*., No. 3:07-CV-445, 2008 WL 4442551, *6-7 (E.D. Tenn. Sept. 25, 2008) (citing 29 U.S.C. § 1144(a)).  "A state law related to an employee benefit plan is preempted even if the effect of the law is indirect, however, it cannot be 'too tenuous, remote, or peripheral.'" *Id*. (citing *Thurman v. Pfizer, Inc*., 484 F.3d 855, 861 (6th Cir. 2007)).  In the Sixth Circuit, "ERISA clearly preempts state law claims that (1) 'mandate employee benefit structures or their administration;' (2) provide 'alternate enforcement mechanisms;' or (3) 'bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself.'" *Id.* (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.,* 399 F.3d 692, 698 (6th Cir. 2005)).

If a claim does not "fall into one of those three categories, the court must look to whether the remedy sought by plaintiffs is plan-related." *Id*. (citing *Thurman,* 484 F.3d at 861).   When the "resolution of the [state law] claim necessarily requires evaluation of the plan and the parties' performance pursuant to it, the claim is preempted." *Id*.  "In order for a state law claim **not** to be preempted, plaintiffs must allege a 'violation of a legal duty independent of ERISA.'"  *Id.* (internal citations omitted) (emphasis added).

If a state law claim is preempted, it is due to be dismissed. *See e.g. Moore v. Canada Life Assur. Co.*, No. 1:02-cv-102, 2002 WL 32059745, *1 (E.D. Tenn. July 30, 2002) (holding that plaintiff's state law claims were preempted by ERISA and "must be dismissed"). However, if a plaintiff has not properly pled an ERISA claim in his or her complaint, Sixth Circuit courts may also permit the plaintiff leave to amend the complaint to assert an ERISA claim. *See e.g. Johnson v. Connecticut General Life Ins. Co.*, No. 08-3347, 2009 WL 928590, *2 (6th Cir. April 7, 2009) (permitting plaintiff leave "to amend to assert an ERISA claim for benefits").

### III.   ARGUMENT

While bad faith claims may not necessarily fall within the three preemption categories set forth in *Penny/Ohlmann/Nieman* supra, Sixth Circuit courts hold that bad faith claims based on the failure to pay benefits under an ERISA-governed plan "relate to" the plan and are preempted. *See e.g. Alexander v. Provident Life and Acc. Ins. Co.*, 663 F. Supp. 2d 627, 638 (E.D. Tenn. 2009). In fact, "the Sixth Circuit has recognized the broad sweep of ERISA preemption provision in relation to state-law causes of action based upon an improper denial of benefits, 'noting that virtually all state law claims relating to an employee benefit plan are preempted by ERISA.'" *Wear v. Transamerica Life Ins. Co.*, No. 3:06-cv-244, 2007 WL 2274301, *2 (E.D. Tenn. Aug. 7, 2007) (citing *Caffey v. Unum Life Ins. Co.,* 302 F.3d 576, 582 (6th Cir. 2002)) (internal citations omitted); *see also Weaver v. Prudential Ins. Co. of America*, 763 F. Supp. 2d 930, 939 (M.D. Tenn. 2010) (citing *Nester v. Allegiance Healthcare Corp.,* 315 F.3d 610, 613 (6th Cir. 2003)) ("[A]ny juridical complaint for recovery of any benefits allegedly due to the plaintiff under an employee benefit plan is strictly, and exclusively, governed by ERISA jurisprudence.").

Moreover, Sixth Circuit courts consistently hold that bad faith claims, specifically, are preempted by ERISA: "[t]he Supreme Court and this Circuit have clearly held that a state-law claim for breach of fiduciary duty and/or bad faith are preempted." *Lee v. MBNA Long Term Disability & Benefit Plan*, No. 04-3105, 2005 WL 705771, *12 (6th Cir. March 29, 2005) (citing *Pilot Life Ins. v. Dedeaux,* 481 U.S. 41, 107 (1987)) (holding that bad faith claim arising out of failure to pay benefits was preempted under ERISA); *see also Massachusetts Cas. Ins. Co. v. Reynolds*, 113 F.3d 1450, 1454 (6th Cir. 1997); *Lynde v. Blue Cross and Blue Shield Mut. of Ohio*, No. 93-4267, 1995 WL 242003, *5-6 (6th Cir. April 25, 1995).  And, because "ERISA preempts plaintiff's state law causes of action, it naturally follows, for that reason alone, that plaintiff has no cause of action for a bad faith penalty pursuant to Tenn. Code Ann. § 56-7-105." *Wear*, 2007 WL 2274301 at *2 (internal citation omitted).

In this case, Plaintiff claims that she submitted a claim under the Plan to obtain benefits payable upon the death of Mr. Williams.  (Complaint, ¶ 5, 7, 9).  Plaintiff avers that she was notified by MetLife that her claim for benefits was pending. (Complaint, ¶ 11).  Plaintiff then alleges that MetLife "failed and refused to make payment to the Plaintiff" and that the failure of MetLife to remit benefits has been "without justification and the payment has been withheld in bad faith." (Complaint, ¶ 12-13).  Plaintiff claims that MetLife owes Plaintiff "in addition to the amount of the policy," the 25% penalty under Tennessee's bad faith statute.  (Complaint, ¶ 13). Clearly, Plaintiff is seeking benefits pursuant to an ERISA Plan and her claims relate to the Plan. A determination of Plaintiff's claim will necessarily require an evaluation of the terms of the Plan and MetLife's performance pursuant to the Plan.  *See Munsey*, 2008 WL 4442551 at *6-7. Plaintiff has failed to allege any legal duty owed by MetLife that is independent of the Plan. Accordingly, Plaintiff's bad faith claim is preempted by ERISA and must be dismissed.

To the extent that Plaintiff argues that her bad faith claim survives as a result of the ERISA savings clause, this argument has been considered and rejected by the Sixth Circuit. 29 U.S.C. § 1144(b)(2)(A), the ERISA savings clause, states that "[e]xcept as provided in subparagraph (B) [the Deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."

In *Bishop v. Provident Life and Cas. Ins. Co.*, 749 F. Supp. 176, 176-78 (E.D. Tenn. 1990), the Plaintiff sought to recover disability benefits and asserted claims for breach of contract and bad faith failure to pay an insurance claim under T.C.A. § 56-7-105. Bishop argued that his bad faith penalty claim dealt "with a law which 'regulates insurance' and is thus saved by § 514(b)(2)(A) from preemption." *Id*. The *Bishop* Court held, to the contrary, that the bad faith penalty statute "does not effect a spreading of policyholder risk, but rather simply provides damages and attorney's fees if an insurance company fails to pay in good faith a claim upon which it is liable. Moreover, the statutory provision does not constitute an integral part of the relationship between the insured and the insurer." *Id*. Finally, the court held that "the detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claim settlement procedures against the public interest in encouraging the formation of employee benefit plans," and because the Tennessee bad faith penalty statute provides statutory damages for the failure to pay a claim in bad faith, the "statute is in conflict with the ERISA civil enforcement scheme and that the saving clause was not intended to save such state laws from the preemptive effect of the ERISA statute." *Id*; *see also Moore v. Canada Life Assur. Co.*, No. 1:02-cv-102, 2002 WL 32059745, *1 (E.D. Tenn. July 30, 2002) ("Plaintiff's claim for a bad faith penalty under TENN.CODE ANN. § 56-7-105 is also preempted, as that statute does not 'regulate' the insurance industry within the meaning of

ERISA's savings clause") (citing *Bishop*, 749 F. Supp. at 176-78).  Therefore, as a matter of law, the savings clause does not save Plaintiff's bad faith claim, which is preempted by ERISA and is due to be dismissed.

## IV.   CONCLUSION

It is clear from the face of the Complaint that Plaintiff's sole bad faith claim has been asserted for the purpose of recovering benefits under an ERISA-governed Plan.  Thus, the bad faith claim "relates to" the Plan.  Additionally, the savings clause does not apply in this case because Tennessee's bad faith penalty statute does not "regulate" the insurance industry.  Accordingly, Plaintiff's bad faith claim is preempted by ERISA, fails to state a claim, and is due to be dismissed.

WHEREFORE, MetLife respectfully requests that this Court dismiss Plaintiff's bad faith claim as preempted by ERISA.  If this Court so chooses, MetLife does not object to permitting Plaintiff leave to amend her Complaint to properly assert an ERISA claim; however, in so agreeing, MetLife does not waive any claims, counter-claims, third-party claims, defenses, or affirmative defenses regarding any later-filed amended complaint.  MetLife requests any such further relief as this Court deems just and proper.

Respectfully submitted,

/s/*Leigh Anne Hodge*
Leigh Anne Hodge (BPR 28639)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8000 (Tel)
(205) 521-8800 (Fax)
lhodge@babc.com

ATTORNEY FOR DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also served on the following by placing same in the U.S. Mail, postage prepaid and properly addressed, this 1st day of October, 2013:

Michael R. Flynn
THE HF LAW GROUP
3257 West Sarazen Circle
Memphis, Tennessee 38125

*/s/  Leigh Anne Hodge*
ATTORNEY FOR DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY