IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**SHEILA STANLEY.**

    Plaintiff,

    v.                                    Dkt. No. 13-cv-02741-JDB-cgc

**MET LIFE GROUP, INC. d/b/a
MET LIFE INSURANCE COMPANY,
GENERAL MOTORS, LLC, and
GENERAL MOTORS EMPLOYEE
BENEFITS WELFARE PLAN,**

    Defendants,

---

**METROPOLITAN LIFE INSURANCE
COMPANY, INC.,**

    Counter-Claim and Third-Party
    Interpleader Plaintiff,

    v.

**SHEILA STANLEY, SABRINA WILLIAMS
MARK A. WILLIAMS, ANTHONY D. WILLIAMS,
ANGELA M. WILLIAMS, MALCOLM E. WILLIAMS,
THE ESTATE OF MARIA WILLIAMS;
and FORD ACCEPTANCE CORPORATION,**

    Counter Claim and Third-Party
    Interpleader Defendants.

---

**REPORT AND RECOMMENDATION**

Before the Court, by way of Order of Reference (D.E. #57) is Metropolitan Life Insurance Company, Inc.'s Motion to Pay Funds into the Court and for Order of Dismissal with Prejudice (D.E. # 55) filed on July 25, 2014. No response in opposition to the motion has been filed.

The instant complaint was removed from the Chancery Court of Shelby County, Tennessee and alleges that Metropolitan Life Insurance Company, Inc. ("MetLife") failed in bad faith to pay life insurance proceeds to Sheila Stanley upon the June 18, 2012 death of Charles E. Williams, the participant in the welfare benefit plan at issue in the case[1]. (D.E. #1) In its Answer, Counter-Claim and Third-Party Claim for Interpleader, MetLife names as Third-party Defendants Sabrina Williams (spouse), Sheila Stanley (niece), Mark Williams (son), Malcolm Williams (son), Angela Williams (daughter), Anthony Williams (son), the Estate of Maria S. Williams-Anthony (post-deceased daughter) and Ford Acceptance Corporation (assignee for funeral benefits). (D.E. #18). A beneficiary designation form dated April 5, 2008 was submitted to MetLife for Mr. Williams naming Sheila Stanley as the 100% primary beneficiary and Shirley Lackland (Mr. Williams' sister) as the 100% contingent beneficiary. (D.E. #18, ¶18). A beneficiary designation form dated June 26, 2011 was submitted to MetLife for Mr. Williams naming Sabrina Williams as the sole 100% beneficiary. (D.E. #18, ¶19). The June 26, 2011 designation was rejected because of incomplete or missing information. (D.E. #18, ¶20). MetLife further avers that a Judgment of Divorce between Mr. Williams and Sabrina Williams dated April 26, 2004 provides that "all rights to either party in and to the proceeds of any policy or contract of life insurance on the life of the other part is hereby cancelled and terminated…." (D.E. #18, ¶21).

---

[1] The Complaint was amended on November 8, 2013. (D.E. #12)

Mr. Williams children, Anthony, Maria and Angela, informed MetLife that Mr. Williams had been diagnosed with dementia for more than one year prior to his death and questioned Mr. Williams' capacity to execute the beneficiary designation forms. (D.E. #18, ¶27). MetLife has received claimant affidavits or statements from Sheila Stanley, Sabrina Williams, Mark, Williams, Anthony Williams, Maria S. Williams-Anthony. (D.E. #18, ¶¶24, 25, 28, 29, 30, 31).

Because questions have been raised about Mr. Williams' capacity to execute beneficiary designations in 2008 and 2001 and because of its inability to determine the proper beneficiary, MetLife seeks to deposit the Plan Benefits ($45,905) in addition to any applicable interest due and owing under the terms of the Plan with the Court. MetLife further seeks reimbursement of its costs and attorneys' fees with regard to this litigation and dismissal from this cause. No party has filed an objection to MetLife's Motion.

It is recommended that MetLife be permitted to deposit the Plan Benefits in the amount of $45,905 into the registry of the Court. Interpleader pursuant to Fed. R. Civ. P. 22 "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." United States v. High Technology Products, Inc., 497 F.3d 637, 641 (6th Cir. 2007) citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed.2001) (footnote omitted). MetLife is exposed to multiple claims to the limited fund representing the value of the insurance on Mr. Williams' life.

It is further recommended that MetLife be awarded attorneys' fees and costs and be dismissed from this action. "A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so. An interpleading party is entitled to recover costs and

attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability". <u>Holmes v. Artists Rights Enforcement Corp.</u>, 148 Fed. Appx 252, 259 (6th Cir. 2005)  MetLife has met each of the four criteria listed in <u>Holmes</u>.

In conclusion, it is RECOMMENDED that:

1. MetLife's Motion be GRANTED;
2. MetLife submit an affidavit of attorneys fees and costs, within ten (10) days of the expiration of the time to object to this Report and Recommendation if no objections are filed or as ordered by the District Court, for a determination by the Court of the reasonableness of the amount requested;
3. MetLife deposit the Plan Benefits in the amount of $45,905 into the registry of the Court, with any applicable interest and minus attorney fees and costs as ordered by the District Court;
4. MetLife be dismissed from this case and be discharged from any further claims and/or liability arising out of the subject Plan Benefits.

MetLife is ORDERED to serve Sabrina Williams, Mark Williams, Malcolm Williams, Angela Wlliams, Anthony Williams, the Estate of Maria S. Williams-Anthony and Ford Acceptance Corporation with a copy of this Report and Recommendation.

Signed this 19th day of August, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**